Enrique **ACEVEDO–FELICIANO, Carlos Concepcion–Chaparro, Eileen B. Sanchez–Feliciano, Jose A. Mendez–Valle, Angel Castro–Gonzalez, Miguel A. Cortes–Roman, William Rosa–Figueroa, Miguel Torres–Perez, Edwin Acevedo–Acevedo, Raul Paneto–Toro, Gilberto Vargas–Rios, Amilcar Muñiz–Rosado, Adelaida Rosario–Galloza, Angel L. Jimenez–Acevedo, Edwin Villarrubia–Soto, Jose Villanueva–Rodriguez, Jose A. Cuevas Heranndez, Elba**

I. Quintana–Roman, Ramonita Acevedo–Muñoz, Pablo Villanueva–Ruiz, Thuaila Muñiz–Santoni, Glorivee Surez, Anibal Mendez–Acevedo, Santiago Hernandez–Ruiz, Ramonita Rodriguez–Varela, Plaintiffs,

v.

Miguel A. RUIZ–HERNANDEZ, in his official capacity as Mayor of the Municipality of Aguada and in his personal capacity; Glenda L. Peña–Muñoz, in her official capacity as the Municipality of Aguada's Human Resources Director and her personal capacity; Anibal Mendoza, in his official capacity as the Municipality of Aguada's Public Works Director and his personal capacity; Municipality of Aguada Defendants

v.

Julio Cesar Roman Third–Party Defendant

No. CIV. 01–1445CCC.

United States District Court, D. Puerto Rico.

Dec. 19, 2003.

Pablo Landrau–Pirazzi, Esq., Eliezer Aldarondo–Ortiz, Esq., for Plaintiffs.

Johanna M. Emmanuelli–Huertas, Esq., Ramon A. Alfaro, Esq., for Defendants.

## OPINION AND ORDER

CEREZO, District Judge.

On July 18, 2003, after nineteen days of trial, a jury returned a verdict in this case finding that defendants Miguel A. Ruiz–Hernández (Ruiz–Hernández) and Glenda L. Peña–Muñoz (Peña–Muñoz) were not liable to any of the plaintiffs for acts of political discrimination or negligence allegedly committed against them, while defendant, the Municipality of Aguada, (Municipality) was found liable to the plaintiffs only on their negligence claims. *See* Verdict Forms (docket entries 219–240). Before the Court now is the Motion for Judgment as a Matter of Law filed by the

Municipality on August 12, 2003 (docket entry 269), which plaintiffs opposed on August 19, 2003 (docket entry 273).

The Municipality contends that it cannot be held liable to the plaintiffs on their negligence claims as the jury determined that its two officers sued, Ruiz–Hernández and Peña–Muñoz, were not liable on those claims, and that no liability can be imposed based on the acts of former mayor Julio César Román (Román) because he was not a defendant in the action. Plaintiffs maintain, however, that as the Municipality failed to present these arguments in its pre-verdict Fed.R.Civ.P. 50 motion, they have been waived.

A review of the procedural milestones of the case is essential in order to understand and dispose of the issue before us. On April 12, 2001, plaintiffs filed their complaint (docket entry 1), which they amended on May 11, 2001 (docket entry 3). In their complaint, they brought claims under 42 U.S.C. § 1983 premised on political discrimination and the infringement of their due process rights and under Puerto Rico's tort statutes, Articles 1802 and 1803 of the Civil Code for the alleged negligent termination of their employments against defendants Ruiz–Hernández in his official capacity as Mayor of the Municipality of Aguada and in his personal capacity, Peña–Muñoz in her official capacity as the Municipality's Human Resources Director and in her personal capacity, and against the Municipality itself.[1] It is important to note that, throughout the amended complaint, the Municipality is claimed to be liable solely because of the acts of the individual defendants sued. *See e.g.* ¶¶ 30, 32 (docket entry 3).

On December 28, 2001, defendants moved to bring the former mayor of the Municipality, Román, as a third-party defendant (docket entry 38). Plaintiffs, however, vehemently opposed his inclusion in the action claiming that "neither under the Due Process, nor the First Amendment causes of action raised by plaintiffs, defendants' third-party complaint would be rationally viable, for liability accruing against defendants from either cause could not be conceivably linked, as a matter of law, to the third-party alleged execution of null employment contracts." *See* Motion to Strike Third–Party Complaint (docket entry 47), at p. 5. While the Court initially allowed the filing of the third-party complaint (*see* docket entry 59), it late reconsidered and granted a motion to dismiss filed by third-party defendant Román (docket entry 88). In doing so, the Court adopted the reasoning espoused by Senior Judge Pieras in a June 6, 2002 Order issued by him in the case of *Echevarría v. Ruíz–Hernández, et. al.*, Civil No. 01–2719(JP), which relevant parts we quoted then and deem pertinent to restate now:

> ...The cause of action alleged by the Plaintiffs is not how Plaintiffs were appointed to their jobs by the former Mayor. It is whether the current Mayor and his administration discriminated against Plaintiffs because of their political affiliation. The Defendants' defense is that Plaintiffs' appointment was illegal. Therefore, there was a non-discriminatory reason for the adverse employment decisions.
>
> The burden of proof continues to be on the Plaintiffs. Still, the Jury must de-

---

**1.** *Plaintiffs also sued Mr. Aníbal Mendoza both in his official capacity as the Municipality's Director of Public Works and in his personal capacity. The claims against him were voluntarily dismissed by the plaintiffs after they finished presenting their evidence at trial. See docket entry 173. In addition, the* Court dismissed the due process claims upon defendants' request in their Fed.R.Civ.P. 50 motion presented after plaintiffs rested. *See* docket entry 181. *Thus, neither the claims against Mendoza nor the due process claims were submitted to the jury.*

termine whether political affiliation was a substantial or motivating factor for the adverse employment decisions that affected the Plaintiffs. Therefore, if proven, political discrimination cannot be attributed to anyone else but Defendants. In this way, if Defendants are found to be liable to Plaintiffs for political discrimination, said liability cannot be attributed to former Mayor Julio Cesár Román who originally appointed Plaintiffs, because political discrimination is based on an act motivated by political animus, committed by a specific person or entity, in this case, the Defendants herein.

Defendants' contention that Plaintiffs were dismissed from their positions within the Municipality of Aguada because they were illegally appointed to their positions by the former mayor may be brought at trial as a defense to the allegations of politically motivated discrimination on the part of Defendants. However, these allegations are not the subject of a proper Third–Party Complaint against the former mayor.

See Order dated August 20, 2002 (docket entry 108), at p. 2.

On September 20, 2002, the Court held the pretrial conference and approved the Pretrial Order proposed by the parties. See docket entry 123. Plaintiffs there reiterated that their claims were founded on the defendants' violation of their due process and freedom of speech and association rights, and that "the same factual framework that gives rise to a colorable cause of action pursuant to 42 U.S.C.A. § 1983 is also actionable in this Court under its supplementary jurisdiction pursuant to the Puerto Rico Tort Statute, Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142, . . . for all the causes of action predicated on the Puerto Rico tort statute have their genesis in the same nucleus of operative facts as the federal causes of action." See Pretrial Order (docket entry 107), p. 14–15.

The standard for granting judgment as a matter of law under Fed. R.Civ.P. 50 is well established. The Court must consider the evidence and the inferences reasonably drawn therefrom in the light most favorable to the non-movant. The Court must not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence. A verdict may be directed only if the evidence, viewed from this perspective, would not permit a reasonable jury to find in favor of the plaintiff on any permissible claim or theory. Andrade v. Jamestown Housing Authority, 82 F.3d 1179, 1186 (1st Cir.1996).

As our review of the procedural events in the case shows, since the inception of the case plaintiffs focused their constitutional claims on the actions of the two individual defendants, hinged their tort actions on these defendants' alleged unconstitutional actions, and relied exclusively on their unconstitutional and tortious acts to impute liability on the Municipality. The jury, however, expressly determined that the individual defendants had neither incurred in unconstitutional nor tortious committed acts against any of the plaintiffs. This notwithstanding, it found that the Municipality was liable to the plaintiffs for negligence. Given that the same jury had already exonerated the individual defendants from any liability, it necessarily follows that their finding of negligence on the part of the Municipality is necessarily anchored on what they must have considered to be negligent acts of former mayor Román. Román, however, was never sued by the plaintiffs as an individual defendant, they never even suggested that he had incurred in negligent acts for which the Municipality should be held liable to them, and, more important-

ly, the evidence presented at trial was never developed by any of the parties with a view to establish or refuting the Municipality's liability based on his negligent conduct. Given that the evidence presented at trial would not have allowed a reasonable jury to find in favor of the plaintiffs on their negligence claims against the Municipality, especially when that same jury with that same evidence had determined that the two individual defendants on which the Municipality's liability was premised were themselves not liable, the Municipality is entitled to judgment as a matter of law DISMISSING the claims of negligence brought by the plaintiffs against it. Otherwise, plaintiffs would be collecting on a claim that they elected not to assert, and for which no evidence was presented to the jury.

Plaintiffs' claim that this argument was untimely raised by the Municipality and thus, waived, is vapid. Clearly, the issue did not materialize until the jury returned its verdict, and it is unreasonable to assume that it could have been anticipated by the Municipality in its **pre-verdict** Rule 50(a) motion.

For the reasons stated, the Municipality's Motion for Judgment as a Matter of Law (docket entry 269) is GRANTED.

SO ORDERED.

## JUDGMENT

For the reasons stated in the Opinion and Order issued on this same date, judgment as a matter of law is entered under Fed.R.Civ.P. 50(b) in favor of the Municipality of Aguada.

SO ORDERED AND ADJUDGED.